UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DONTAY JOHNSON, | |
|---|---|
| Plaintiff, | Case No. 1:12-cv-00018-RRB |
| vs. | |
| C. LOPEZ, *et al.*, | **ORDER REGARDING**<br>**MOTION AT DOCKET 19** |
| Defendants. | |

I.     **BACKGROUND/PENDING MOTION**

Dontay Davion Johnson, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983. After screening, this Court ordered service of the Complaint on C. Lopez.[1] Defendant Lopez has answered the Complaint.[2] At Docket 19 Lopez moved for summary judgment alleging that Johnson has not exhausted his administrative remedies. At Docket 21 Johnson has opposed the motion, and at Docket 22 Lopez has replied. The Court having determined that oral argument would not materially assist in the determination of the pending motion and neither party having requested oral argument, the matter is submitted for decision on the moving and opposing papers.

---

[1]     Docket 14.

[2]     Docket 16.

As relevant to the pending motion Johnson contends that in conducting a strip search Defendant C. Lopez digitally invaded Johnson's anus causing him severe pain. Johnson further alleges that Lopez used unnecessarily excessive force in conducting the search. Johnson contends that in conducting the physically invasive search Lopez violated Johnson's rights under the Fourth (unreasonable search) and Eighth (intentional infliction of pain) Amendments, as well as the common law tort of assault and battery.

## II. APPLICABLE LAW

### A. Standard

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[3] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[4] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial.[5] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all

---

[3]   Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[4]   Fed. R. Civ. P. 56(e).

[5]   *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[6] Material facts are those which may affect the outcome of the case.[7] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[8] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[9] The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[10] The moving party has the burden of showing there is no genuine issue of material fact; therefore, he bears the burden of both production and persuasion.[11] The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to

---

[6] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

[7] *Id*.

[8] *Id*.

[9] *Id*. at 255.

[10] *Id.*

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

support the non-moving party's case.[12]  There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[13]

### B. Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust his administrative remedies prior to filing suit, not during the pendency of the suit.[14] A prisoner is not required to affirmatively plead exhaustion. Instead, exhaustion is an affirmative defense to be raised and proven by the defense.[15] California procedure provides for three levels of review of prisoner grievances, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or by a designated representative.[16]

---

[12]  *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

[13]  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[14]  42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

[15]  *Jones v. Bock*, 549 U.S. 199, 212–17 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

[16]  Cal. Code Regs. tit. 15, § 3084.7; § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted.  All lower level reviews are subject to modification at the third level of review.").

### III.   ADMINISTRATIVE PROCEEDINGS

The administrative proceedings before the CDCR officials followed a somewhat tortuous and convoluted bifurcated process. The prison records show that in pursuing his administrative remedies Johnson pursued at least two separate avenues:  KVSP-0-11-00265 and KVSP-0-11-00693.

<u>KVSP-0-11-00265</u>:   In this proceeding, the Chief Deputy Warden, processing the CDC 602, Inmate/Parolee Appeal Form, as a staff complaint conducted a confidential inquiry and denied Johnson relief at the second level, stating the issue as:

> APPEAL ISSUE:  You state on January 21, 2011, you were sexually assaulted by Correctional Officer C. Lopez. You state Correctional Lieutenant C. Sandoval and Correctional Sergeant J. Lomeli tried to cover up the incident.
> You request to be released from Administrative Segregation (Ad Seg) or request to be transferred to Corcoran Slate Prison at Corcoran.

A confidential inquiry was conducted in which Lt. C. Sandoval and Officers M. King, M. Mendoza, and Lopez were interviewed. The reviewing official also reviewed the CDC 602, the California Code of Regulations and the Departmental Operations Manual. At the conclusion of the inquiry, without making any factual findings or explanation, the reviewing official simply held:

> Staff did not violate CDCR policy.
> Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.  If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.  Once a decision has

been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.[17]

It does not appear from the *official* prison records that the matter was ever considered and ruled upon at the Director's Level.

<u>KVSP-0-11-00693</u>:  On May 8, 2011, Johnson filed a new CDC Form 602 in which, as relevant to this case, he alleged a sexual assault by Officer Lopez and specifically alleged the facts underlying his complaint to this Court.[18]  This grievance was screened out as a duplicate of KVSP-0-11-00265.[18] Johnson appealed that determination and was denied relief at the Director's Level:

> **I    APPELLANT'S ARGUMENT**: It is the appellant's position that his CDC Form 602, Inmate/Parolee Appeal Form dated May 8, 2011, should not have been cancelled as a duplicate appeal of the February 7, 2011, appeal Log #KVSP-0-11-00265. The appellant alleges that the officers switched the appeal Log #KVSP-0-11-00265 from False Imprisonment to Sexual Assault. The appellant stated that the Log #KVSP-0-11-00265 appeal investigated the cover up, not the actual sexual assault. The appellant added that the cancelled appeal dated May 8, 2011, should be reviewed in order to investigate the sexual assault allegation. The appellant requests that the appeal dated May 8, 2011, be processed and that the appeals coordinator read the evidence and exhibits on the May 8, 2011, appeal.
>
> **II    SECOND LEVEL'S DECISION**:  The reviewer found that KVSP Inmate Appeals Office (IAO) received the appellant's appeal dated May 8, 2011, which was cancelled as a duplicate to an appeal dated February 7, 2011, Log #KVSP-0-11-00265 which was answered at the Second Level of Review (SLR) on March 23, 2011. The reviewer noted that the appellant's allegations that KVSP Officers switched his appeal from False Imprisonment to Sexual

---

[17]    Docket 19-3 at 26–27.

[18]    Docket 19-3 at 14–18.

[18]    Docket 19-3 at 19–20.

Assault. The reviewer stated that appellant contends he wrote a CDC Form 602 dated January 27, 2011, in reference to a sexual assault that occurred. The reviewer noted that there is no mention of the appeal in the Inmate Appeals Tracking System and the appellant has not produced the alleged original appeal with a date stamp to confirm he submitted such an appeal. The reviewer found that the appellant submitted an appeal on February 7, 2011, noting an alleged sexual assault incident that occurred on January 21, 2011, by correctional officers. The reviewer noted that this appeal was accepted, given the Log #KVSP-0-11-00265 and was investigated and concluded on March 25, 2011, indicating that staff did not violate CDCR policy. The reviewer added that the appellant was informed that allegations of staff misconduct did not restrict the availability of further relief via the inmate process. The reviewer stated that the appellant was released from the Administrative Segregation Unit on March 8, 201 l; and his appeal was sent back to him on March 28, 2011.

The reviewer noted that over 40 days passed after the appellant received the conclusion of the staff complaint, the appellant submitted an appeal dated May 8, 2011, noting his request for an Office of Internal Affairs investigation into the January 21, 2011, incident that referred to the sexual assault involving the correctional officers. The reviewer stated that on May 20, 2011, the appellant appealed the cancellation of the May 8, 2011, appeal alleging that the KVSP officers switched the appeal dated February 27 [*sic*], 2011, and referring to a cover up. The reviewer noted that there is no evidence to suggest the KVSP Officers switched any appeal forms. The reviewer stated that the appellant's evidence and exhibits were reviewed. Based upon the above information, the appellant's appeal was granted in part at the SLR.

**III    THIRD LEVEL DECISION**:  Appeal is denied.

**A.    FINDINGS**: The Third Level of Review (TLR) reviewed the issues of the appellant's appeal and reaffirms the institution's examination and conclusions as addressed within the SLR. Based upon a review of the submitted documents, the examiner found that the appellant's original appeal Log #KVSP-0-11-00265 was addressed based upon a staff complaint in which it was determined that staff did not violate policy. The examiner finds no evidence that staff switched the appellant's appeals to cover up alleged staff misconduct. The examiner notes that the KVSP IAO appropriately rejected the appellant's appeal dated May 8, 2011, as a duplicate appeal to a previous issue. The examiner refers the appellant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(2) which states, "The appeal

duplicates an inmate or parolee's previous appeal upon which a decision has been rendered or is pending." The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant modification of the previous levels of review.  The appellant's appeal issue was appropriately addressed by the institution.  No evidence of negligence by staff has been shown. No relief is warranted at the TLR.

    **B.**    **BASIS FOR THE DECISION**:
    CCR: 3001, 3084, 3084.1, 3084.2, 3084.4, 3084.5, 3084.6

    **C.**    **ORDER**:  No changes or modifications are required by the Institution.  This decision exhausts the administrative remedy available to the appellant within CDCR.[19]

## IV.  DISCUSSION

If that were the only evidence in this matter, the Court would be inclined to grant Lopez's motion.  However, that does not constitute the entirety of the evidence presented to this Court.  Attached to Lopez's Motion as Exhibit A is a copy of the CDC Form 602 in KVSP-0-11-00265.[20]  This exhibit contains but two pages. However at the bottom of the second page in part H (requesting review at the Director's Level) is a reference to an Exhibit A (identified as the January 27, 2011, CDC Form 602 alleging sexual assault) and it ends with "[i]t should be noted that the -."  This clearly indicates there is a reasonable probability that there is a continuation sheet that has been omitted showing that Johnson was dissatisfied by with the second level response and was seeking further review at the Director's Level.

---

[19]    Docket 19-3 at 63–64.

[20]    Docket 19-3 at 1–3.  An identical copy is also attached as Exhibit 1 to the Declaration of the Appeals Coordinator.  Docket 19-3 at 8–10.

Attached as Exhibit 2 to Johnson's opposition is a copy of what appears on its face to be a copy of CDC 602, KVSP-0-11-00265. Although identical in all other respects to Defendant's Exhibit A, unlike the Defendant's exhibit however, Johnson's Exhibit 2 contains two additional pages, including a third page captioned "Director Level Review" that appears in context to flow from the last sentence on the second page.[21] In that third page Johnson refers to a sexual assault 602 that he alleges was confidentially sent directly to the warden.[22] Johnson further describes the alleged assault by Lopez. Johnson also requested that the January CDC Form 602 that was allegedly sent directly to the warden be returned and processed in accordance with Departmental procedures.[23]

The Supreme Court has made clear that "exhaustion" under the PLRA means "proper exhaustion," which § 1997e(a) defines as such administrative remedies as are available under state law.[24] The Supreme Court has noted that exhaustion serves two goals: (1) it affords corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case; and (2) reduces the quantity and improves the quantity of prisoner suits.[25] The Ninth Circuit has held that "[t]o properly exhaust, a

---

[21]   Docket 21 at 20–22.

[22]   A CDC Form 602 dated January 27, 2011, which is also appended to Johnson's opposition as Exhibit 1 [Docket 21 at 15–17]. At the top of that grievance is handwritten "Emergency Appeal - Staff Complaint - Sexual Assault." In that CDC Form 602 Johnson describes in detail the circumstances and nature of the alleged assault by Lopez.

[23]   This adequately refutes Defendant's argument that Johnson fails to provide any details concerning the submission of this grievance.

[24]   *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

[25]   *Id.* at 93–94; *Albino v. Baca*, 697 F.3d 1023, 1030 (9th Cir. 2012).

prisoner must comply with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."[26]

The burden is on Lopez to show that there is no triable issue of fact and that he is entitled to judgment as a matter of law.  In this case, the very exhibits appended to Lopez's motion suggest that at the very least Johnson may have made a good faith attempt to exhaust his administrative remedies, but was either prevented from so doing,[27] or that the gravamen of his complaint was overlooked by the reviewing official at the third level.  What is clear is that, while it may have been somewhat inept, Johnson attempted to raise the complaint he raises before this Court within the scope of the administrative remedy provided under California law. Particularly puzzling is how, if it was not submitted for processing within the prison system, a copy of the CDC Form 602 in KVSP-0-11-00265 submitted as an exhibit to the Defendant's motion containing a partially completed part H (request for Director's Level review) came to be part of the prison records.[28]

Neither the Supreme Court nor the Ninth Circuit have provided definitive guidance on how strictly a prisoner must comply with the technical requirements of prison grievance

---

[26] *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010) (quoting *Ngo*, 548 U.S. at 90–91) (internal quotation marks omitted)).

[27] *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (excusing a prisoner's failure to exhaust where the prisoner is prevented from doing so).

[28] The Court also notes that *if* the CDC Form 602 were placed in the system and Director's Level review not completed, Johnson's administrative remedies would be deemed exhausted.  *Cf. Sapp*, 623 F.3d at 822–23.  It is also noted, however, that the submission of the  January 27, 2011 CDC Form 602 directly to the Warden did not constitute proper exhaustion of Johnson's administrative remedies.

procedures to exhaust his administrative remedies. In the absence of definitive guidance from a higher court, in light of the general rule that *pro se* pleadings are to be liberally construed,[29] and applying that rule to prison grievance procedures, this Court is reluctant to deny a prisoner relief on the basis of what is essentially at most a technical procedural error. Particularly in cases where, as here, it appears that the prison officials were more likely than not given an adequate opportunity to address Johnson's complaint internally. While this Court agrees that Johnson has not shown when or to whom he handed the CDC Form 602 grievance in KVSP-0-11-00265 for delivery to the third level, at most, the record *vis-a-vis* the exhaustion issue is unclear.[30]

### V.   CONCLUSION and ORDER

Lopez has failed to carry his burden to establish that there is no triable issue fact and that he is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment at Docket 19 is **DENIED**.

**IT IS SO ORDERED** this 16th day of December, 2013.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[29]   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[30]   In reaching this determination, because it is inherently implausible under the facts as related by Johnson, the Court gives no credence to Johnson's "switching appeals" argument.