UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONTAY JOHNSON,

      Plaintiff,

vs.

C. LOPEZ, *et al.,*

      Defendants.

Case No. 1:12-cv-00018-RRB

**ORDER REGARDING
MOTION AT DOCKET 25**

## I.  BACKGROUND/PENDING MOTION

Dontay Davion Johnson, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983. After screening, this Court ordered service of the Complaint on C. Lopez and dismissed the Complaint as to the other defendants.[1] Lopez has answered the Complaint.[2]  At Docket 25 Johnson has moved for reconsideration of the Court's Screening Order and to allow him to file an amended complaint that Johnson contends properly alleges claims against the dismissed Defendants, C. Sandoval, J. Lomeli, and M. King. At Docket 26 Johnson lodged his proposed First Amended Complaint.

As relevant to the pending motion, Johnson contends that in conducting a strip search Defendant C. Lopez digitally invaded Johnson's anus causing him severe pain.

---

[1]     Docket 14.

[2]     Docket 16.

Johnson further alleges that Lopez used unnecessarily excessive force in conducting the search.  Johnson contends that in conducting the physically invasive search Lopez violated Johnson's rights under the Fourth (unreasonable search) and Eighth (intentional infliction of pain) Amendments, as well as the common law tort of assault and battery.

With respect to Defendant King, Johnson alleges that, although he witnessed the alleged acts of Defendant Lopez, Johnson does not allege that Defendant King participated in the alleged assault, only that King failed to intervene.

Johnson does not even allege that Defendants C. Sandoval and J. Lomelli, supervisors of Defendants Lopez and King, were present at the time of the alleged assault, let alone that they either participated in it or failed to prevent it. Johnson alleges that through their actions or inactions, Sandoval and Lomelli somehow compromised an internal investigation into Johnson's allegations of sexual assault against Lopez and, although they promised he would see a doctor, they failed to follow through, thereby evidencing deliberate indifference to his serious medical needs.

## II.    SCREENING REQUIREMENTS

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3]  This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[3]      28 U.S.C. § 1915A(a).

ORDER [Re:  Motion at Docket 25]
*Johnson v. Lopez*, 1:12-cv-00018-RRB – 2

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[4]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[7]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[8] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of

---

[4]    28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[5]    Fed. R. Civ. P. 8(a)(2).

[6]    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[7]    *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[8]    *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

ORDER [Re:  Motion at Docket 25]
*Johnson v. Lopez*, 1:12-cv-00018-RRB – 3

entitlement to relief.'"[9]  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[10] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11]

## III.   DISCUSSION

With respect to Defendant King, other than to add his conclusion that King somehow had a duty to intervene, Johnson adds nothing to the allegations against King alleged in Johnson's original complaint. The additional allegation, which is merely conclusory in nature, adds nothing of substance to Johnson's original complaint and still falls far short of stating a cause of action against King.

To the extent that Johnson continues to allege that Defendants Sandoval and Lomeli somehow failed to properly supervise Lopez, Johnson must demonstrate that each defendant personally participated in the deprivation of his or her rights.[12] Johnson's allegations still fail to satisfy this test.

---

[9]     *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[10]    *Id.*

[11]    *Id.* (quoting *Twombly*, 550 U.S. at 555).

[12]    *Iqbal*, 556 U.S.  at 677; *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

To the extent Johnson contends that, in somehow preventing him from receiving medical treatment, Sandoval and Lomeli were guilty of deliberate indifference, Johnson's Amended Complaint also fails. Johnson must show that Defendants exhibited "deliberate indifference to serious medical needs."[13]  Such a showing is necessary to demonstrate the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."[14]  In this case, Johnson's own allegations undermine his deliberate indifference claim against Sandoval and Lomelli. First, Johnson alleges that prior to the time Sandoval and Lomelli became involved, Johnson was seen, but not examined, by an RN. Second, Johnson alleges that the same night he submitted a sick call slip to the building nurse requesting to see a doctor. As a result Johnson was examined by Sexual Assault Response Team nurse two days later. At most, Johnson alleges a delay in obtaining medical treatment. Where the claim is based upon delay in providing treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful.[15]  Johnson has failed to allege that he suffered any harm from the delay.

## IV.    CONCLUSION and ORDER

Plaintiff's Amended Complaint is insufficient to state a cause of action as against Defendants C. Sandoval, J. Lomeli, and M. King. Accordingly, Plaintiff's Motion for

---

[13]    *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

[14]    *Id*. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)) (internal quotation marks and citation omitted)).

[15]    *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Reconsideration in Screening Order of 1983 Complaint/Leave to Amend at Docket 25 is

**DENIED** and the proposed First Amended Complaint at Docket 26 is **STRICKEN**.

      **IT IS SO ORDERED** this 22nd day of January, 2014.

                        S/ RALPH R. BEISTLINE
                        UNITED STATES DISTRICT JUDGE