UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAY JOHNSON,<br><br>      Plaintiff,<br><br>vs.<br><br>C. LOPEZ, *et al.*,<br><br>      Defendants. | Case No. 1:12-cv-00018-RRB<br><br>**AMENDED SCHEDULING &<br>PLANNING ORDER**<br>[Re: Motion at Docket 29] |

At Docket 29 Defendant C. Lopez has moved to amend the Scheduling and Planning Order entered at Docket 28. For good cause shown, the Motion at Docket 29 is **GRANTED** in part. The Scheduling and Planning Order ("S&P Order") entered herein at Docket 28 is amended as follows:

Paragraphs numbered (1) through (3) of the S&P Order in Part II entitled "Discovery" are hereby deleted in their entirety and the following substituted therefore:

(1) Preliminary disclosure of potential witnesses (a preliminary witness list) and preliminary disclosures described below must be made not later than **February 28, 2014**, and supplemented as otherwise provided in Federal Rule of Civil Procedure 26(e).

A. Plaintiff's Disclosures:

Plaintiff must provide Defendant(s) with the names and, if known, the location of other identifying information (such as inmate number, job classification, or assignment) of each individual likely to have information about the events described in the Complaint or

Plaintiff's injury or damage. In addition, Plaintiff must describe in general terms the information each individual so identified is believed to possess.

Plaintiff must also provide copies of, or a list describing (by category and location) all documents or tangible things in his possession, custody or control that he may use to support the allegations in the Complaint or the claims of injury or damage.

B.  Defendant's Disclosures:

Defendant must provide Plaintiff with the name and, if known, the location or other identifying information (such as inmate number, job classification or institutional assignment) of each individual likely to have information about Defendant's claims or defenses, or who will be used to support Defendant's version of the events described in the complaint.  In addition, Defendant must describe, generally, the information each individual so identified is believed to possess.

Defendant must provide to Plaintiff copies of all documents and other materials in the care, custody, or control of the Defendant related to the claims and defenses in the case.

Such documents and materials must include, but are not limited to, (a) documents and materials upon which Defendant relies in support of the defense of the action, (b) grievances and appeals thereof, determinations of grievances and appeals, and (c) reports of completed investigations by CDCR or others.  Simultaneous with disclosure to Plaintiff, Defense counsel must file with the Court either a copy of any cover letter (without attachments) or a statement that the disclosures required herein have been completed.

In all other respects the Scheduling and Planning entered at Docket 28 remains in full force and effect.

To the extent that Defendant contends that the S&P Order requires the disclosure of documents otherwise not discoverable, the Court disagrees. The Court's Order does not abrogate the limitations on the scope of discovery to the extent that any material is privileged or otherwise not entitled to discovery as provided in Rule 26(b)(5). Nor, as amended, does the S&P Order require Defendant to provide Plaintiff with documents that are not within his care, custody, or control. On the other hand, Defendant has the responsibility to obtain and disclose documents or papers that are not in his care, custody or control that tend to disprove Plaintiff's case or prove Defendant's defense to the extent Defendant intends to rely on them. Furthermore, common sense dictates that the disclosure of persons likely to have information relevant to Plaintiff's claim and Defendant's defense is limited to those persons known to Defendant. Nothing in the Court's S&P Order should be construed as requiring more.

**IT IS SO ORDERED** this 12th day of February, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE