UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAY JOHNSON,<br><br>      Plaintiff,<br><br>vs.<br><br>C. LOPEZ, *et al.*,<br><br>      Defendants. | Case No. 1:12-cv-00018-RRB<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL AT DOCKET 30** |

At **Docket 30** Plaintiff Dontay Johnson, a federal prisoner appearing *pro se*, filed a motion to appoint counsel. Generally, a prisoner has no right to counsel in civil actions.[1] "However, a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these considerations is dispositive and instead must be viewed together."[2]

This case involves the use of excessive force in conducting a search. This is primarily a fact-driven issue that does not involve intricate or complicated questions of law.

---

      [1]     *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (holding that there is no constitutional right to appointed counsel for § 1983 claims).

      [2]     *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted).

ORDER [Re: Motion at Docket 30]
*Dontay v. Lopez*, 1:12-cv-00018-RRB – 1

The availability of *pro bono* counsel to represent indigent prisoners is limited.  While this Court is not unmindful of the value of the assistance of counsel, both to Plaintiff and the Court itself, this is not a case in which it is necessary to appoint counsel.

Accordingly, the Motion for the Appointment of Counsel at **Docket 30** is **DENIED**.

**IT IS SO ORDERED** this 12th day of February, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE